UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID D. EBBEN,

            Plaintiff,

v.

JOHN DOES UNIT 17 CORRECTIONAL OFFICERS, JOHN DOES UNIT 17 SERGEANTS, JOHN/JANE DOES OBSERVATION CORRECTIONAL OFFICERS, JOHN/JANE DOE OBSERVATION WHITE SHIRTS, JANE DOE OBSERVATION WHITE FEMALE PSU, and JOHN/JANE DOES OBSERVATION HSU DODGE CORRECTIONAL INSTITUTION,

            Defendants.

Case No. 25-CV-477-JPS

**ORDER**

Plaintiff David D. Ebben, an inmate confined at Chippewa Valley Correctional Treatment Facility, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. ECF No. 1. On May 9, 2025, the Court ordered Plaintiff to pay an initial partial filing fee ("IPFF") of $1.03 ECF No. 9. Thereafter, Plaintiff file a motion to waive the IPFF. ECF No. 10.

The Court will deny Plaintiff's motion to waive the filing fee. A court may not dismiss the lawsuit of a prisoner who lacks the ability to pay an initial partial filing fee. *See* 28 U.S.C. §1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial

filing fee."). "But if the court finds that the prisoner is unable to pay the partial filing fee at the time of collection because he intentionally depleted his account to avoid payment, the court in its sound discretion may dismiss the action." *Thomas v. Butts*, 745 F.3d 309, 312 (7th Cir. 2014) (citations and internal punctuation omitted). The Seventh Circuit has instructed, "It is not enough that the prisoner lacks assets on the date he files. If that were so, then a prisoner could squander his trust account and avoid the fee." *Newlin v. Helman*, 123 F.3d 429, 435 (7th Cir. 1997) (*rev'd on other grounds Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000)).

Here, Plaintiff has provided insufficient information regarding changed financial circumstances since the calculation of the IPFF other than he has no money in his regular account. Plaintiff indicates he is already paying fees for other cases here and in the Western District of Wisconsin. The Court notes that Plaintiff has filed eight different cases this year in this District and the Western District of Wisconsin; Plaintiff may have to choose the cases he brings as his finances allow. As such, the Court will deny Plaintiff's motion to waive the IPFF. The Court will, however, extend the deadline by which he must pay the fee to **September 24, 2025**. Failure to pay the IPFF within the specified time period may result in dismissal of this case without prejudice and without further notice. The payment shall be clearly identified by the case name and number assigned to this action.

Finally, the Court will grant Plaintiff's motion to verify Court rules, ECF No. 11. Plaintiff first inquires as to whether there are rules requiring documents to be single sided versus double sided. The Court notes that Plaintiff's filings do not appear to be missing any pages; there is no requirement that the Court is aware of that requires pro se documents to be single sided. Second, to the extent Plaintiff wishes to file the same motion

in multiple cases, he may file a single motion as long as he clearly identifies all the appropriate case numbers.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to waive the initial partial filing fee on appeal, ECF No. 10, be and the same is hereby **DENIED**; Plaintiff must pay the IPFF on or before **September 24, 2025**. Plaintiff's failure to comply with this order may result in dismissal of this case without prejudice and without further notice. The payment shall be clearly identified by the case name and number assigned to this action; and

**IT IS FURTHER ORDERED** that Plaintiff's motion to verify Court rules, ECF No. 11, be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 3rd day of September, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202
>
> **DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.
>
> Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.